UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD J. ALLISON,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>CLARK COUNTY DETENTION CENTER,<br><br>　　　Respondent. | Case No. 2:22-cv-00926-GMN-EJY<br><br>**ORDER** |

　　　This is a habeas corpus action brought under 28 U.S.C. § 2241 by Ronald J. Allison, a pretrial detainee held at the Clark County Detention Center in Las Vegas. Allison filed his habeas petition (ECF No. 1) on June 8, 2022. The Court has examined Allison's petition and will dismiss it, pursuant to the *Younger* abstention doctrine, and because Allison has not exhausted available state-court remedies. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) (screening of petitions); Rule 1(b) of the Habeas Rules (Habeas Rules may be applied to habeas petitions not brought under Section 2254).

　　　Allison's petition alleges that he was arrested on June 8, 2021; he does not specify exactly what charges have been brought against him. *See* Petition for Writ of Habeas Corpus (ECF No. 1). He claims, in a wholly conclusory manner, that he has been "falsely imprisoned" on "false weapons charges," that he has been "slandered and defamed in the media" and by the police such that he cannot receive a fair trial, that he has been illegally placed in a "competency program," that he is held "in duress" with no bail, and that he is awaiting a federal investigation of the circumstances of his detention. *See id*.

　　　A federal court may summarily dismiss a habeas petition that is patently frivolous, false, vague, conclusory, palpably incredible, or plagued by procedural

defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Although there is no exhaustion requirement explicitly mandated for habeas petitions under 28 U.S.C. § 2241, the courts have held that exhaustion is required as a matter of federal-state comity, unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Allison plainly has not sought relief in the Nevada appellate courts on the claims asserted in his federal habeas petition, and he does not suggest that there are any special circumstances warranting waiver of the exhaustion requirement.

Furthermore, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must abstain from interfering with an ongoing state criminal proceeding absent extraordinary circumstances creating a threat of irreparable injury. *Younger*, 401 US at 45–46, 53–54; *see also Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

The Court will dismiss this action on exhaustion and abstention grounds.

The Court need not determine whether a certificate of appealability is warranted. 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability for an appeal from an order dismissing a habeas petition under 28 U.S.C. § 2241. *See Forde v. U.S. Parole Commission*, 114 F.3d 878, 879 (9th Cir. 1997). Allison may appeal by filing a timely notice of appeal in this action, in this Court.

///
///
///
///
///

1     **IT IS THEREFORE ORDERED** that this action is dismissed.

2     **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter

3 judgment accordingly.

5     DATED THIS 13 day of _____June_____, 2022.

                                                         _____
                                                         GLORIA M. NAVARRO
                                                         UNITED STATES DISTRICT JUDGE